## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JENNIFER LANDRY,

        Plaintiff,

v.                                                                                        Case No.

EQUIFAX, INC.,

        Defendant.

## COMPLAINT

NOW COMES Plaintiff, JENNIFER LANDRY ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendant EQUIFAX, INC.., ("EQUIFAX" or "Defendant"):

### Nature of the Action

1.    This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### Parties

2.    Plaintiff is a natural person at all times relevant residing in Clark County, in the City of Vegas, in the State of Nevada.

3.    At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681(a)(c).

4.    Defendant EQUIFAX is a corporation conducting business in the State of Virginia and is headquartered in Atlanta, Georgia.

5.      Defendant EQUIFAX is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

6.      Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7.      Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

8.      Defendant EQUIFAX is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

9.      At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Jurisdiction and Venue

10.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides within this District, and a substantial part of the events or omissions giving rise to the herein claims occurred within this District. Under 28 U.S.C. § 1391(d), since Defendant's principal place of business is within a State with more than one judicial district, Defendant will be deemed to be a resident of any district of this State, as Defendant has contacts sufficient to subject it to personal jurisdiction in each district of this State.

## Facts

12.     Plaintiff is a consumer who is the victim of inaccurate reporting by EQUIFAX regarding two credit accounts that she had (the "Accounts"). her first account was with Conn's Credit ("Conn's"), which settled with Conn's, and was paid to Conn's. her second account was with The Bank of Missouri ("TBOM"), which settled with TBOM, and was paid to TBOM.

13.     CRAs, including EQUIFAX, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

14.     Further, CRAs have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

15.     Here, Plaintiff is a victim of inaccurate reporting regarding the Accounts she had with Conn's and TBOM, inaccuracies found in the credit report published by Defendant. The following is a description of the inaccuracies and failures of Defendant to investigate and update its reporting of the Accounts in question:

16.     On or about June 3, 2020, Plaintiff and Conn's settled the Conn's account ending in 8930 for $1,122.13.

17.     On or about March 3, 2023, Plaintiff and TBOM settled the TBOM account ending in 8969 for $601.00.

18.     Per the terms of the settlement agreement with Conn's, Plaintiff made one (1) payment of $1,122.13 on April 21, 2023, which fully satisfied the settlement agreement and account.

19.     Per the terms of the settlement agreement with TBOM, Plaintiff made one (1) payment of $601.00 on March 27, 2023, which fully satisfied the settlement agreement and account.

20.     On January 16, 2024, Plaintiff received a copy of her credit report from EQUIFAX.

21.     To her surprise, despite Plaintiff's performance under the terms of the respective settlement agreements with Conn's and TBOM, Defendant EQUIFAX reported inaccurate information regarding the Conn's account and the TBOM account.

22.     Specifically, EQUIFAX reported the Conn's account status reported the Account status as "CHARGE_OFF." Further, the report failed to include an accurate history of the payments Plaintiff made to settle the Accounts.

23.     EQUIFAX's failure to report both Accounts correctly, including its failure to report the accurate balances and statuses, and failure to accurately report the payment history of both Accounts, harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

24.     On January 19, 2024, Plaintiff issued a dispute by mail to EQUIFAX regarding the incorrect information being reported on both Accounts.

25.     In her dispute letter, Plaintiff disputed the incorrect entries in her credit report regarding the Accounts' statuses, balances, and the inaccurate payment histories of both Accounts that improperly reflect her respective settlement payments. Plaintiff also included proof of the agreement between herself and Conn's and herself and TBOM and proof of the payments made in satisfaction of both agreements.

26.     Upon information and belief, pursuant to its obligations under the FCRA, EQUIFAX notified both Conn's and TBOM of Plaintiff's dispute within five days of receipt of the dispute.

27.     Further, upon information and belief, EQUIFAX would have sent the documentation Plaintiff included in her dispute letter to both Conn's and TBOM, including the terms of each respective settlement and proof of the respective payments.

28.    Despite her very specific dispute and accompanying documents supporting her dispute, EQUIFAX 's second report, received by Plaintiff on April 19, 2024, reiterated the same inaccuracies regarding both Accounts.

29.    At the time of filing this complaint, EQUIFAX continues to report both account statuses inaccurately and inaccurately reports the balance and payment history of both Accounts.

30.    Upon information and belief, EQUIFAX continues to report this information because of its failure to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in her dispute letter.

31.    Further, after receiving Plaintiff's dispute concerning the inaccurate information of both Accounts, EQUIFAX is required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

32.    If EQUIFAX had complied with its statutory duties, incorrect information concerning both Accounts would not have been reported despite notice from Plaintiff.

33.    As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

34.    Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

35.    Because of her concern over the effects Defendant's misreporting has had on her credit, Plaintiff has been unable to apply for or obtain financing to purchase a car or house, despite the fact that Plaintiff has had the financial means to do both.

<u>**COUNT I – EQUIFAX**</u>
<u>**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**</u>

36.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

37.     After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer report.

38.     EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

39.     As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

40.     EQUIFAX 's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

41.     In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

42.     Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

43.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

44.     After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer report.

45.     Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing

to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

46.    As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

47.    EQUIFAX 's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

48.    In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

49.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**<u>JURY TRIAL DEMAND</u>**

Plaintiff demands a jury trial on all issues so triable.

7

Dated: 06/03/2025                                    Respectfully submitted,

                                                     */s/ Mark A. Carey*
                                                     Mark A. Carey
                                                     **Law Offices of Mark A. Carey, P.C.**
                                                     500 Roswell Road Ste Bldg C
                                                     Sandy Springs, GA 30342
                                                     P: (716) 853-9243
                                                     E: markcareylaw@ymail.com

                                                     **Attorneys for Plaintiff,**
                                                     **JENNIFER LANDRY**